**THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------ X

YORKTOWN CENTRAL
SCHOOL DISTRICT,

Plaintiff,

-vs.-

MONSANTO COMPANY,
PHARMACIA CORPORATION,
PECORA CORPORATION and
JOHN DOES 1-20,

Defendants.
------------------------------------------------------------ X

Civil Action No.:  07 - 8648
(SCR)

ECF CASE

---

# MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO DISMISS COMPLAINT

---

**WHITE AND WILLIAMS LLP**
One Penn Plaza, Suite 1801
New York, New York 10119
Phone: (212) 244-9500
Email: kozorizm@whiteandwilliams.com
*Attorneys for Defendant,*
*Pecora Corporation*

*Of Counsel and On the Brief:*
    *Michael J. Kozoriz, Esq. (MK-1929)*

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT**…..……………………………………………2

**STATEMENT OF FACTS**…………………………………………………….2

**LEGAL ARGUMENT**

**POINT I**
**THE CAUSES OF ACTION ASSERTED IN THE FIRST THROUGH NINTH COUNTS OF THE COMPLAINT ARE SUBJECT TO DISMISSAL AS BEYOND THE APPLICABLE STATUTE OF LIMITATIONS** ………………………………………………………..3

**POINT II**
**THE COMPLAINT FAILS TO STATE A CAUSE OF ACTION UPON WHICH RELIEF CAN BE GRANTED**……………………………………………………………………3

**POINT III**
**THE COMPLAINT AFFIRMATIVELY ESTABLISHES THAT IT CANNOT RECOVER PROPERTY DAMAGE CLAIMS FOR WINDOW CAULK AS A MATTER OF LAW**…12

**CONCLUSION**………………………………………………………………………12

PHLDMS1 3830572v.2

## TABLE OF AUTHORITIES

### CASES

Antel Oldsmobile-Cadillac, Inc. v. Sirus Leasing Co., 101 A.D.2d 688, 475
    N.Y.S.2d 944 (4th Dep't 1984) ................................................................................9

Derienzo v. Trek Bicycle Corp., 376 F. Supp. 2d 537 (S.D.N.Y. 2005) ...................5, 6,
    7

Hicksville Dry Cleaners, Inc. v. Stanley Fastening System, L.P., 37 A.D.3d 218,
    830 N.Y.S.2d 530 (1st Dep't 2007)............................................................................8

Johnson v. Monsanto Chemical Co., 129 F. Supp. 2d 189 (N.D.N.Y. 2001).....................8

Randi A.J. v. Long Island Surgi-Center, 46 A.D.3d 74, 842 N.Y.S.2d 558 (2d
    Dep't 2007)................................................................................................................3, 6

Ruggles v. R.D. Werner Co., Inc., 203 A.D.2d 913, 611 N.Y.S.2d 84 (4th Dep't
    1994) .........................................................................................................................10

Smith v. Herman Miller, Inc., 2005 WL. 35018832 (E.D.N.Y.) .........................................5

PHLDMS1 3830572v.2

## PRELIMINARY STATEMENT

Defendant, Pecora Corporation (hereinafter "PECORA") hereby moves to dismiss the Complaint pursuant to Fed. R. Civ. Pro. 12(b)(6).  PECORA joins and incorporates by reference hereto the arguments set forth in the motion to dismiss filed by co-defendants, Monsanto Company and Pharmacia Corporation.  The within brief on behalf of PECORA will address only PECORA'S separate arguments in support of its motion to dismiss and/or to address those aspects of the Complaint where co-defendants' legal arguments cannot reasonably be applied to, and/or adopted by, PECORA.  Unless otherwise indicated herein, however, PECORA joins and incorporates by reference the arguments set forth in the motion to dismiss filed by co-defendants in their entirety.

## STATEMENT OF FACTS

The factual allegations relevant to this motion to dismiss are set forth in the Complaint, which is attached as **Exhibit 1** to the Certification of Exhibits, submitted herewith.

-2-

## LEGAL ARGUMENT

### POINT I

#### THE CAUSES OF ACTION ASSERTED IN THE FIRST THROUGH NINTH COUNTS OF THE COMPLAINT ARE SUBJECT TO DISMISSAL AS BEYOND THE APPLICABLE STATUTE OF LIMITATIONS

PECORA hereby adopts and incorporates by reference hereto the entirety of co-defendants' arguments set forth in "Point I" of the "Legal Argument" section of their Brief in support of their motion to dismiss. *See* Wright Brief, pp. 5-9. Accordingly, Counts I through IX of the Complaint should be dismissed with prejudice.

### POINT II

#### THE COMPLAINT FAILS TO STATE A CAUSE OF ACTION UPON WHICH RELIEF CAN BE GRANTED

*A.    Misrepresentation And Fraudulent Concealment*

PECORA hereby adopts and incorporates by reference hereto the entirety of co-defendants' arguments set forth in "Point II(A)" of the "Legal Argument" section of their Brief in support of their motion to dismiss. *See* Wright Brief, pp. 10-11. Accordingly, Count I of the Complaint should be dismissed with prejudice.

In addition, the lack any substantive allegations against PECORA, in particular, in the first 92 paragraphs of the Complaint ("NATURE OF ACTION") and in paragraphs 93 to 105, which comprise Count I of the Complaint, further entitles PECORA, especially, to an order of dismissal, or, at a minimum, the striking of PLAINTIFF'S claim to punitive damages against PECORA. In the first 105 paragraphs of the Complaint, PECORA is only referred to in three paragraphs. Paragraph 5 alleges that PECORA is a Pennsylvania corporation. Paragraphs 89 and 90 allege that PECORA "designed, manufactured, distributed, marketed and/or sold the

-3-

caulking product containing the PCBs" throughout the United States and that it was these PCBs that "caused damage to the [PLAINTIFF]." Thus, other than alleging that PECORA is a Pennsylvania corporation and that it sold a product containing a perfectly legal substance almost 40 years ago, there are no allegations against PECORA in Count I of the Complaint, and certainly nothing to warrant an award of punitive damages. Accordingly, for these reasons and for the additional reasons set forth in co-defendants' motion to dismiss, Count I of the Complaint should be dismissed as to PECORA, and PLAINTIFF'S demand for punitive damages should be stricken. *See Randi A.J. v. Long Island Surgi-Center,* 46 A.D.3d 74, 842 N.Y.S.2d 558, 564 (2d Dep't 2007).

In *Randi A.J.,* the Appellate Division held:

> New York does not recognize an independent cause of action for punitive damages. Instead, "[a] demand or request for punitive damages is parasitic and possesses no viability absent its attachment to a substantive cause of action" . . . . Indeed, as the Court of Appeals has often said, a principal goal of punitive or exemplary damages is to "deter future reprehensible conduct" by the wrongdoer "and others similarly situated." [citations omitted].

*Randi, A.J.,* 46 A.D.3d 74, 842 N.Y.S.2d at 564. Thus, as Count I of the Complaint sets forth no allegations against PECORA, other than that it is a Pennsylvania corporation and that it sold a perfectly legal product containing a perfectly legal substance as a component part almost 40 years ago, PLAINTIFF possesses neither a substantive cause of action nor a valid claim for punitive damages against PECORA. Furthermore, since the alleged offending product was sold when legal in 1969 and was banned in 1977 (*see* Complaint, ¶¶ 35, 50-52), the intended deterrent effect of punitive damages is not applicable here. *See Randi, A.J.,* 46 A.D.3d 74, 842 N.Y.S.2d at 564. Therefore, Count I of the Complaint should be dismissed with prejudice, and the claim for punitive damages should be stricken as to PECORA.

-4-

B.     *Negligence And Recklessness*

PECORA hereby adopts and incorporates by reference hereto the co-defendants' arguments set forth in "Point II(B)" of the "Legal Argument" section of their Brief in support of their motion to dismiss. *See* Wright Brief, pp. 12-13. The first paragraph of page 13 of co-defendants' Brief distinguishes between Monsanto, as the manufacturer of the alleged injury-causing PCBs, and PECORA, which allegedly purchased the PCBs and incorporated the PCBs in its end-product, the caulk used within PLAINTIFF'S school buildings. This distinction is immaterial for purposes of PECORA'S motion to dismiss. Similar to Monsanto's argument, PECORA argues that PLAINTIFF does not allege that PECORA knew that PLAINTIFF would purchase PCB-containing products. Indeed, PLAINTIFF does not allege that PLAINTIFF did, in fact, purchase anything from PECORA.[1]

In addition, the Complaint sets forth no basis for PLAINTIFF'S allegations that PECORA was reckless is its distribution of its caulk in 1969 that contained the perfectly legal PCBs. While the preliminary paragraphs of the Complaint (¶¶ 1-92) are replete with allegations, against Monsanto and Pharmacia, or their predecessors, that they had knowledge of the potential dangers of PCBs, the Complaint sets forth no allegations whatsoever that PECORA had any knowledge that PCBs were potentially dangerous at or before its caulk was used in school buildings owned by PLAINTIFF. Furthermore, as indicated above, there are no allegations that PECORA sold any of its products to PLAINTIFF nor that PECORA had any knowledge that its products would be used in PLAINTIFF'S buildings.

---

[1] If truly connected to PECORA at all, the allegedly hazardous PCB-containing caulk was more likely purchased from PECORA by a distributor who then sold it to a contractor that PLAINTIFF hired to install the windows of the school buildings.

-5-

For this reason and for the additional reasons set forth in co-defendants' motion, Count II of the Complaint should be dismissed with prejudice, and the claim for punitive damages should be stricken as to PECORA.

C.      *Strict Products Liability For Manufacturing Defect*

PECORA hereby adopts and incorporates by reference hereto the co-defendants' arguments set forth in "Point II(C)" of the "Legal Argument" section of their Brief in support of their motion to dismiss. *See* Wright Brief, pp. 13-14. The first full paragraph of page 14 of co-defendants' Brief distinguishes between Monsanto, as the manufacturer of the alleged injury-causing PCBs, and PECORA, the alleged manufacturer of the caulk that contained the PCBs. This distinction is immaterial for purposes of PECORA'S motion to dismiss. Similar to Monsanto's argument, PECORA argues that there is no allegation that the caulk had a manufacturing defect in that there is no allegation that when the caulk left PECORA'S control it deviated in a material way from its intended design or performance standards. Where, as here, the PLAINTIFF is alleging that the product was inherently dangerous even when manufactured as intended, a cause of action for manufacturing defect is not sustainable. *See Smith v. Herman Miller, Inc.,* 2005 WL 3501883*2 (E.D.N.Y.) ("In a manufacturing defect case the plaintiff must [alleged and] prove that a product did not perform in the intended manner because of a flaw in the manufacturing process"). *See also Derienzo v. Trek Bicycle Corp.,* 376 F.Supp.2d 537, 560 (S.D.N.Y. 2005). Here, although PLAINTIFF alleges that the caulk was dangerous, there are no allegations that it did not perform in its intended manner, nor an allegation that any such failure was due to a material deviation from the norm in the manufacturing process. *See Derienzo,* 376 F.Supp.2d at 560 ("A manufacturing defect is  a flaw that results from the manufacturer's plans not being carried out correctly, usually caused by an error during the product's manufacture or

-6-

assembly"). The failure of PLAINTIFF to state of cause of action upon which relief can be granted for manufacturing defect also defeats any claim for punitive damages. *See Randi A.J. v. Long Island Surgi-Center,* 46 A.D.3d 74, 842 N.Y.S.2d 558, 564 (2d Dep't 2007) ("A demand or request for punitive damages is parasitic and possesses no viability absent its attachment to a substantive cause of action") (internal citations omitted).

In addition, there are simply no allegations against any of the defendants in Count III of the Complaint to warrant an award of punitive damages.

For this reason and for the additional reasons set forth in co-defendants' motion, Count III of the Complaint should be dismissed with prejudice, and the claim to punitive damages should be stricken as to PECORA.

D.    *Strict Products Liability – Failure To Warn*

PECORA hereby adopts and incorporates by reference hereto the co-defendants' arguments set forth in "Point II(D)" of the "Legal Argument" section of their Brief in support of their motion to dismiss. *See* Wright Brief, pp. 14-15. The first full paragraph of page 15 of co-defendants' Brief distinguishes between Monsanto, as the manufacturer of the alleged injury-causing PCBs, and PECORA, the alleged manufacturer of the caulk that contained the PCBs. This distinction is immaterial for purposes of PECORA'S motion to dismiss. Similar to Monsanto's argument, PECORA argues that there is no allegation that PLAINTIFF purchased the PCB-containing caulk from PECORA. Where, as here, the PLAINTIFF is alleging that the product, even when used properly as intended, was inherently dangerous, a cause of action for failure to warn is not sustainable. *See Derienzo v. Trek Bicycle Corp.,* 376 F.Supp.2d 537, 566 (S.D.N.Y. 2005) (holding that one of the elements of a cause of action for failure to warn is that a proposed alternative warning would have prevented the claimed injury). Here, based on the

-7-

allegations of the Complaint, it appears that the only adequate warning from PLAINTIFF'S perspective would have been a warning to ***not use the product under any circumstances.*** As PLAINTIFF has not, and cannot, based on the position it has taken in its Complaint, propose an alternative warning which would have prevented the claimed injury, PLAINTIFF fails to state a cause of action upon which relief can be granted for failure to warn in strict products liability. *See Derienzo,* 376 F.Supp.2d at 566.

In addition, there are simply no allegations against any of the defendants in Count IV of the Complaint to warrant an award of punitive damages.

For this reason and for the additional reasons set forth in co-defendants' motion, Count IV of the Complaint should be dismissed with prejudice, and the claim for punitive damages should be stricken as to PECORA.


E.     *Strict Products Liability – Design Defect*

PECORA hereby adopts and incorporates by reference hereto the entirety of co-defendants' arguments set forth in "Point II(E)" of the "Legal Argument" section of their Brief in support of their motion to dismiss. *See* Wright Brief, pp. 15-16.

In addition, there are simply no allegations against any of the defendants in Count V of the Complaint to warrant an award of punitive damages.

Accordingly, Count V of the Complaint should be dismissed with prejudice, and the claim to punitive damages should be stricken as for PECORA.


F.     *Breach Of Express Warranty*

PECORA hereby adopts and incorporates by reference hereto the co-defendants' arguments set forth in "Point II(F)" of the "Legal Argument" section of their Brief in support of

PHLDMS1 3830572v.2

their motion to dismiss. *See* Wright Brief, pp. 16-17. The second full paragraph of page 16 of co-defendants' Brief distinguishes between Monsanto, as the manufacturer of the alleged injury-causing PCBs, and PECORA, the alleged manufacturer of the caulk that contained the PCBs. This distinction is immaterial for purposes of PECORA'S motion to dismiss in that there is no allegation that PLAINTIFF purchased the PCB-containing caulk from PECORA. Indeed, PECORA primarily sells its products through distributors, and PECORA has no knowledge of who will purchase its products through its various distributors nor how such products will be used. In addition, the Complaint is silent on who expressly warranted the caulk to whom, by what means the express warranty was conveyed, and how PLAINTIFF relied on the express warranty to its detriment. *See Hicksville Dry Cleaners, Inc. v. Stanley Fastening System, L.P.,* 37 A.D.3d 218, 830 N.Y.S.2d 530, 531 (1st Dep't 2007) (dismissing breach of express warranty cause of action for failure to plead the terms of the alleged warranty with sufficient particularity); *Johnson v. Monsanto Chemical Co.,* 129 F.Supp.2d 189, 194 (N.D.N.Y. 2001) (requiring plaintiffs to set forth more specifically the basis of their breach of express warranty claim where the complaint did not specify the terms nor the source of the express warranty on which they allegedly relied).

In addition, there are simply no allegations against any of the defendants in Count VI of the Complaint to warrant an award of punitive damages.

For this reason and for the additional reasons set forth in co-defendants' motion, Count VI of the Complaint should be dismissed with prejudice, and the claim for punitive damages should be stricken as to PECORA.

-9-

G.    *Breach Of Implied Warranty Of Fitness*

PECORA hereby adopts and incorporates by reference hereto the co-defendants' arguments set forth in "Point II(G)" of the "Legal Argument" section of their Brief in support of their motion to dismiss. *See* Wright Brief, p. 17. The third full paragraph of page 17 of co-defendants' Brief distinguishes between Monsanto, as the manufacturer of the alleged injury-causing PCBs, and PECORA, the alleged manufacturer of the caulk that contained the PCBs. This distinction is immaterial for purposes of PECORA'S motion to dismiss. Similar to Monsanto's argument, PECORA argues that there is no allegation that PLAINTIFF purchased the PCB-containing caulk from PECORA. Indeed, PECORA customarily sells its products through distributors, and PECORA has no knowledge of who will purchase its products through its various distributors nor how such products will be used. For this reason and for the additional reasons set forth in co-defendants' motion, Count VII of the Complaint should be dismissed with prejudice, and the claim for punitive damages should be stricken as to PECORA.

H.    *Breach Of Implied Warranty Of Merchantability*

PECORA hereby adopts and incorporates by reference hereto the co-defendants' arguments set forth in "Point II(H)" of the "Legal Argument" section of their Brief in support of their motion to dismiss. *See* Wright Brief, p. 17-18. Similar to Monsanto's argument, PECORA argues that there is no allegation that PLAINTIFF purchased the PCB-containing caulk from PECORA. *See Antel Oldsmobile-Cadillac, Inc. v. Sirus Leasing Co.,* 101 A.D.2d 688, 475 N.Y.S.2d 944, 945 (4th Dep't 1984) (dismissing claims for implied warranty of merchantability in that said cause of action lack allegation of privity of contract between plaintiff and defendant manufacturer). In addition, the courts have held that where a plaintiff cannot sustain a cause of action for strict products liability on a failure to warn theory, any cause of action for breach of

-10-

implied warranty of merchantability should also be dismissed. *See Ruggles v. R.D. Werner Co., Inc.,* 203 A.D.2d 913, 611 N.Y.S.2d 84, 85 (4th Dep't 1994). For this reason and for the additional reasons set forth in co-defendants' motion, Count VIII of the Complaint should be dismissed with prejudice, and the claim for punitive damages should be stricken as to PECORA.

I.    *Violations Of New York's General Business Law*

PECORA hereby adopts and incorporates by reference hereto the entirety of co-defendants' arguments set forth in "Point II(I)" of the "Legal Argument" section of their Brief in support of their motion to dismiss. *See* Wright Brief, pp. 18-20. Accordingly, Count IX of the Complaint should be dismissed with prejudice, and the claim for punitive damages should be stricken as to PECORA.

J.    *Declaratory Judgment*

PECORA hereby adopts and incorporates by reference hereto the entirety of co-defendants' arguments set forth in "Point II(J)" of the "Legal Argument" section of their Brief in support of their motion to dismiss. *See* Wright Brief, pp. 20-21. Accordingly, Count X of the Complaint should be dismissed with prejudice.

K.    *Punitive Damages*

PECORA hereby adopts and incorporates by reference hereto the entirety of co-defendants' arguments set forth in "Point II(K)" of the "Legal Argument" section of their Brief in support of their motion to dismiss. *See* Wright Brief, p. 22. Accordingly, the PLAINTIFF'S prayer for punitive damages should be stricken from the Complaint with prejudice.

**POINT III**
**THE COMPLAINT AFFIRMATIVELY ESTABLISHES THAT IT CANNOT RECOVER PROPERTY DAMAGE CLAIMS FOR WINDOW CAULK AS A MATTER OF LAW**

PECORA hereby adopts and incorporates by reference hereto the entirety of co-defendants' arguments set forth in "Point III" of the "Legal Argument" section of their Brief in support of their motion to dismiss. *See* Wright Brief, pp. 22-23. Accordingly, the Complaint should be dismissed with prejudice.

**CONCLUSION**

For the foregoing reasons, and for the reasons set forth in the motion to dismiss filed by the co-defendants, Monsanto Company and Pharmacia Corporation, PECORA'S motion to dismiss should be granted, and the Complaint should be dismissed with prejudice.


Dated: January 18, 2008                    Respectfully submitted,
                                           **WHITE AND WILLIAMS LLP**
                                           *Attorneys for Defendant, Pecora Corporation*

                                           By: _____
                                           MICHAEL J. KOZORIZ (MK- 1929)
                                           One Penn Plaza, Suite 1801
                                           New York, New York 10119
                                           (212) 244-9500