UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

**Yorktown Central School District**　　　**CIVIL CASE DISCOVERY PLAN**
　　　　　　　　　　　　　　　　　　　　　**AND SCHEDULING ORDER**

　　　　　　　　　　　Plaintiff(s),

　　-against-

　　　　　　　　　　　　　　　　　　　　　07 Civ. 8648 (SCR)

**Monsanto Co., et al.**

　　　　　　　　　　　Defendant(s).
-------------------------------------------------------x

　　　The following Civil Case Discovery Plan and Scheduling Order is adopted, after consultation with counsel for the parties, pursuant to Rules 26(f) and 16 of the Federal Rules of Civil Procedure. **(Note: all proposed dates should be for weekdays only)**

I.　**Demand for Jury Trial**
　　The case is to be tried to a jury.

II.　**Joinder of Additional Parties and Amendment of Pleadings**

　　**II.A.**
　　Joinder of additional parties must be accomplished by the Plaintiff on or before March 3, 2009 and by the Defendants on or before May 4, 2009.

　　**II.B.**
　　Amended pleadings may be filed until April 3, 2009 by the Plaintiff and by June 4, 2009 by the Defendants.

III.　**Discovery**

　　**III.A.**
　　The parties shall serve their Rule 26(a)(1) Disclosures by March 17, 2008. [Plaintiff requests that Discovery may commence thereafter.] [Defendants object to discovery starting before motions to dismiss are decided.]

　　**III.B.**
　　All fact discovery, including depositions of fact witnesses, shall be completed by March 31, 2010.

1

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

### III.C.
All written discovery shall be submitted in sufficient time to afford to the responding party the period provided by the Federal Rules of Civil Procedure within which to serve its response prior to the fact discovery deadline of March 31, 2010.

### III.D.
Plaintiff may serve a combined total of seventy-five (75) interrogatories and requests for admission upon Defendants collectively.

Defendants, collectively, may serve a combined total of twenty-five (25) interrogatories and requests for admission upon Plaintiff. Provided that the total number of non-duplicative interrogatories or requests for admission shall be permitted to exceed twenty-five (25) only by stipulation of the Parties or on order of the Court for good cause.

### III.E.
Plaintiff shall identify and provide all information specified in Rule 26(a)(2)(B) with respect to its expert witnesses not later than June 30, 2010.

### III.F.
Depositions of Plaintiff's expert witnesses shall be completed by August 31, 2010.

### III.G.
Defendants shall identify and provide all information specified in Rule 26(a)(2)(B) with respect to their expert witnesses not later than September 30, 2010.

### III.H.
Depositions of Defendants' expert witnesses, and all expert witness discovery generally, shall be completed by Oct. 29, 2010.

### III.I.
All dispositive motions and *Daubert*-style motions shall be filed not later than November 8, 2010. Responses to dispositive motions shall be filed within thirty (30) days after service of the motion.

### III.K.
All motions in limine shall be served and filed no later than January 10, 2011. Responses to motions in limine shall be filed within thirty (30) days after service of the motion.

### III.L.
All Rule 26(a)(3) pretrial disclosures, including witness and exhibit disclosures, shall be served and filed no later than _____. All objections to such disclosures shall be served and filed no later than _____.

### III.M.

All designations of deposition testimony shall be served and filed no later than _____. All objections to designations of deposition testimony and all counter-designations of deposition testimony shall be served and filed no later than _____. All objections to counter-designations of deposition testimony shall be served and filed by _____.

### III.N.
The parties anticipate that the case will be ready for trial on or after _____. It is anticipated that the trial will require _____ weeks.

### III.O.
Unless otherwise ordered by the Court, the parties are expected to commence discovery upon the receipt of this signed Scheduling Order.

### IV. Format of Document Production

#### IV.A. General Provisions
(1) The parties will produce paper and electronic documents in single-page Tagged Image File Format (".tiff format"). Document productions will be accompanied by a load file in iPro format. The load file will provide the Bates number attachment range for email or other documents containing attachments. For documents that do not contain redactions, the producing party will produce an extracted text file for electronic documents and an Optical Character Recognition ("OCR") text file for imaged paper documents. For documents that contain redactions, the producing party will provide an OCR text file for the un-redacted portions of such documents.

(2) Each page of a produced document will contain a legible, unique identification number ("Bates number") and confidentiality notice, where applicable, which will be placed on the page image in a manner that does not conceal or interfere with any information contained on the page. No other stamp or information will be placed on a document other than Bates number, confidentiality notice, and any redactions. This provision does not apply to databases produced in native electronic format.

(3) Document productions will be made on CD, DVD, or hard drive. If a production is provided on a hard drive, the receiving party will return the hard drive to the producing party within a reasonable time after receipt and downloading of the information and document images contained thereon.

#### IV.B. Objective Coding and Metadata
(1) Defendants will provide objective coding information as described below with each production. Defendants may review and, where necessary, revise or redact objective coding if it contains privileged or work product information.

(2) Defendants will provide the following coding information for electronic documents:
    (a) custodian or source
    (b) starting and ending production number
    (c) electronic document type (e.g. word processing, email, spreadsheet, etc.)

      (d) date (date-sent for email; date created and date last modified for non-email electronic documents)
      (e) title (subject line for email; file name or title on face of document for non-email electronic documents)
      (f) author(s)
      (g) recipient(s) (for email)
      (h) cc(s) (for email)
      (i) bcc(s) (for email)

    (3) Defendants will provide the following coding information for paper documents if Defendants have created such information for their own use with respect to this litigation:
      (a) custodian or source
      (b) starting and ending production number
      (c) document type (e.g. report, email, letter, article, etc.)
      (d) date (if determinable from face of document)
      (e) title (if determinable from face of document)
      (f) author(s)
      (g) recipient(s)
      (h) cc(s)
      (i) bcc(s)

    (4) To the extent that Plaintiff produces electronic documents and/or creates coding information for paper documents for Plaintiff's own use, Plaintiff will provide objective coding in the format as set forth in paragraphs (2) and (3) above. Plaintiff may review and, where necessary, revise or redact objective coding if it contains privileged or work product information.

    (5) With respect to objective coding information provided for paper documents, the Parties will make reasonable efforts to provide accurate information with respect to subparagraphs 3(c) through 3(i), but the parties do not certify the reliability, accuracy or completeness of objective coding as to any particular paper document. Objective coding of paper documents is not evidence and may not be used by any party for any purpose other than document management in this litigation.

    (6) Objective coding information for electronic documents, as set forth in subparagraphs 2(c) through 2(i), will be derived from metadata associated with the document. However the Parties understand that metadata differs between types of electronic documents and that particular electronic documents may not contain metadata for all of the fields described in subparagraphs 2(c) through 2(i). Other than information described in subparagraphs 2(c) through 2(i), Parties are not required to provide other metadata that may be associated with an electronic document.

### IV.C. Privilege Log

The Parties will produce privilege logs in Excel format or a similar electronic format that allows text searching and organization of data. A party will produce a

privilege log within ninety (90) days after its first production of documents for which privilege is asserted to apply, and within the same time period following any subsequent or rolling productions.

### IV.D. Costs of Production

While each party expressly reserves its rights to seek costs relating to this litigation, including the costs of producing documents and reasonably accessible electronic documents, initially each party will bear the costs to process, review and produce its own documents and reasonable accessible electronic documents.

### V. Inadvertent Production of Privileged Material

#### V.A.

Inadvertent production of documents (hereinafter "Inadvertently Produced Documents") subject to work-product immunity, the attorney-client privilege, or other legal privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege, provided that the producing party shall notify the receiving party in writing as soon as practicable but no more than fourteen (14) days from the date of discovery of the inadvertent production. If such notification is made, such Inadvertently Produced Documents and all copies thereof shall, upon request, be returned to the producing party, all notes or other work product of the receiving party reflecting the contents of such materials shall be destroyed, and such returned or destroyed material shall be deleted from any litigation-support or other database. If the receiving party elects to file a motion pursuant to Section V.C. below, the receiving party, subject to the requirements of Section V.B. below, may retain possession of the Inadvertently Produced Documents as well as any notes or other work product of the receiving party reflecting the contents of such materials pending the resolution by the Court of the Section V.C. motion. If the receiving party's Section V.C. motion is denied, the receiving party shall promptly comply with the immediately preceding provisions of this Section V.A.

#### V.B.

No use shall be made of such Inadvertently Produced Documents during depositions or at trial, nor shall they be disclosed to anyone who was not given access to them prior to the request to return or destroy them.

#### V.C.

The party receiving such Inadvertently Produced Documents may, after receipt of the producing party's notice of inadvertent production, move the Court to dispute the claim of privilege or immunity, but the motion shall not assert as a ground therefore the fact or circumstances of the inadvertent production.

### VI. Joint Pretrial Order

A joint pretrial order is required only if counsel for all parties agree that it is desirable, or the Court so orders.

### VII. Initial Case Management Conference

The Initial Case Management Conference is scheduled for **March 28, 2008 at 10:00am.**

### VIII. Magistrate Jurisdiction of Discovery Disputes

This case has been designated to the Hon. [            ], United States Magistrate Judge at White Plains for discovery disputes if the Court is "unavailable" and for trial under 28 U.S.C. § 636(c) if counsel execute their consent in writing.

### IX. Compliance with Discovery Plan and Order

Strict compliance with the trial readiness date will be required. This Plan and Order may not be changed without leave of the Court, except that upon signing a Consent for Trial Before a United States Magistrate Judge, the Magistrate Judge will establish an agreed date certain for trial and will amend this Plan and Order to provide for trial readiness consistent with that agreed date.

White Plains, New York

Dated: March 10, 2008

SO ORDERED

_Stephen C. Robinson_
Stephen C. Robinson U.S.D.J

6