## THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X

YORKTOWN CENTRAL
SCHOOL DISTRICT,

                             Plaintiff,

 -against-

MONSANTO COMPANY,
PHARMACIA CORPORATION,
PECORA CORPORATION and
JOHN DOES 1-20,

                           Defendants.

------------------------------------------------------------------ X

Civil Action No.: 07 - 8648
(SCR)


ECF CASE

---

### REPLY  IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT

---

MICHAEL J. KOZORIZ (MK-1929)
I. STEVEN LEVY (*admitted pro hac vice*)
**WHITE AND WILLIAMS LLP**
One Penn Plaza, Suite 1801
New York, New York 10119
Phone: (212) 244-9500
Email: kozorizm@whiteandwilliams.com
*Attorneys for Defendant,*
*Pecora Corporation*

***Of Counsel and On the Brief:***
    *Michael J. Kozoriz, Esq. (MK-1929)*

The District has filed an Amended Complaint as well as a brief based on the original Complaint and Amended Complaint in response to defendants' Motions to Dismiss. PECORA will file a Motion to Dismiss Amended Complaint, incorporating its Motion to Dismiss Complaint, concurrent with this Reply. PECORA joins and incorporates by reference hereto the arguments set forth in the Reply in support of Motion to Dismiss filed by co-defendants, Monsanto Company and Pharmacia Corporation. The within Reply on behalf of PECORA will address only PECORA's separate arguments in reply to the District's response to PECORA'S Motion to Dismiss. Unless otherwise indicated herein, however, PECORA joins and incorporates by reference the arguments set forth in the Reply in Support of Motion to Dismiss filed by co-defendants in their entirety. A copy of the District's Amended Complaint is attached hereto as Exhibit "A."

The District has expressly discontinued its claims for misrepresentation, fraudulent concealment, breach of express warranty, breach of implied warranty of fitness, breach of implied warranty of merchantability, and window caulk removal in conjunction with its 2003 renovation project as to all defendants. In addition, the District has not set forth any new facts in its Amended Complaint which would change the arguments set forth in PECORA's Motion to Dismiss the District's Complaint for failure to state a claim upon which relief can be granted.

## POINT I

I.    **THE DISTRICT HAS FAILED TO ESTABLISH THAT ITS NEGLIGENCE/RECKLESSNESS, STRICT LIABILITY, AND GENERAL BUSINESS LAW CLAIMS ARE TIMELY-FILED AS A MATTER OF LAW**

*A.    Negligence/Recklessness and Strict Liability*

PECORA hereby adopts and incorporates by reference hereto the entirety of co-defendants' arguments set forth in "Point I(A)" of their Reply in Support of Motion to Dismiss Amended Complaint. *See* Wright Reply Brief, pp. 1-3. Accordingly, all of the District's

negligence/recklessness and strict liability claims should be dismissed with prejudice as time-barred.

     B.    *General Business Law*

PECORA hereby adopts and incorporates by reference hereto the entirety of co-defendants' arguments set forth in "Point I(B)" of their Reply in Support of Motion to Dismiss Amended Complaint. *See* Wright Reply Brief, pp. 3-4. Accordingly, the District's General Business Law claims are time-barred as a matter of law.

## POINT II

**II.    THE DISTRICT'S AMENDED COMPLAINT FAILS TO ALLEGE ESSENTIAL ELEMENTS NECESSARY TO STATE CAUSES OF ACTION UPON WHICH RELIEF CAN BE GRANTED**

    *A.    Negligence and Recklessness*

PECORA hereby adopts and incorporates by reference hereto the entirety of co-defendants' arguments set forth in "Point II(A)" of their Reply in Support of Motion to Dismiss Amended Complaint. *See* Wright Reply Brief, pp. 5-6. In addition, the District's Amended Complaint does not allege that the District purchased the caulk from PECORA or that PECORA knew that the District would purchase the caulk. Therefore, as more fully set forth in the Reply of co-defendants, it would have been impossible for PECORA to provide a warning to the District regarding use of the caulk. Accordingly, the District's negligence/recklessness claims should be dismissed.

Moreover, the Amended Complaint, like the Complaint, is devoid of substantive allegations against PECORA. The only substantive allegation added to the Amended Complaint against PECORA is contained in paragraph 130 and avers that "Pecora Corp. could have designed its caulking product without including PCBs or design its caulk in a manner that reduced or eliminated the escape or mobilization of PCBs into the environment." Without

averring alternative designs, the costs of alternative designs, and the product's usefulness as designed at the time of marketing, the District has not satisfied New York state law by properly pleading the potential for alternative designs.  See Adams v. Genie Indus. Inc., 2007 N.Y. Misc. LEXIS 323, *8 (N.Y. Co. Jan. 8, 2007).   Simply averring that PECORA could have manufactured its product without PCBs does not constitute an alternative design.

Further, this new allegation contained in the Amended Complaint at paragraph 130 does not provide any additional basis to support the District's claim that PECORA was reckless in its distribution of caulk in 1969.   The Amended Complaint sets forth no additional allegations whatsoever that PECORA had any knowledge that PCBs were potentially dangerous at or before its caulk was used in school buildings owned by the District.  Further, as indicated above, there are no allegations in the Amended Complaint that PECORA sold any of its products to the District or that PECORA had knowledge that its products would be sued in the District's buildings.  Simply stated, there are no allegations against PECORA that would support any claim of reckless behavior whatsoever.    Therefore, a claim for punitive damages has not been properly plead.

For these reasons and for the additional reasons set forth in co-defendants' reply, the District's negligence/recklessness claims should be dismissed, and the claim for punitive damages should be stricken as to PECORA.

### B.    Strict Products Liability – Manufacturing Defect

PECORA hereby adopts and incorporates by reference hereto the entirety of co-defendants' arguments set forth in "Point II(B)" of their Reply in Support of Motion to Dismiss Amended Complaint.  See Wright Reply Brief, p. 7.  In addition, as stated above, there are no substantive allegations against PECORA contained in the Amended Complaint which could support an award of punitive damages.

For these reasons and for the additional reasons set forth in co-defendants' reply, the District's manufacturing defect claim should be dismissed, and the claim for punitive damages should be stricken as to PECORA.

C.      *Strict Products Liability – Failure to Warn*

PECORA hereby adopts and incorporates by reference hereto the entirety of co-defendants' arguments set forth in "Point II(C)" of their Reply in Support of Motion to Dismiss Amended Complaint.  *See* Wright Reply Brief, p. 7.  In addition, as stated above, there are no substantive allegations against PECORA contained in the Amended Complaint which could support an award of punitive damages.

For these reasons and for the additional reasons set forth in co-defendants' reply, the District's failure to warn claim should be dismissed, and the claim for punitive damages should be stricken as to PECORA.

D.      *Strict Products Liability – Design Defect*

PECORA hereby adopts and incorporates by reference hereto the entirety of co-defendants' arguments set forth in "Point II(D)" of their Reply in Support of Motion to Dismiss Amended Complaint.  *See* Wright Reply Brief, p. 8.  In addition, as stated above, there are no substantive allegations against PECORA contained in the Amended Complaint which could support an award of punitive damages.

For these reasons and for the additional reasons set forth in co-defendants' reply, the District's strict liability design defect claim should be dismissed, and the claim for punitive damages should be stricken as to PECORA.

E.      *General Business Law*

PECORA hereby adopts and incorporates by reference hereto the entirety of co-defendants' arguments set forth in "Point II(E)" of their Reply in Support of Motion to Dismiss

Amended Complaint.  *See* Wright Reply Brief, pp. 8-9.  In addition, as stated above, there are no substantive allegations against PECORA contained in the Amended Complaint which could support an award of punitive damages.

For these reasons and for the additional reasons set forth in co-defendants' reply, the District's general business law claim should be dismissed, and the claim for punitive damages should be stricken as to PECORA.

### F.    *Declaratory Judgment*

PECORA hereby adopts and incorporates by reference hereto the entirety of co-defendants' arguments set forth in "Point II(F)" of their Reply in Support of Motion to Dismiss Amended Complaint.  *See* Wright Reply Brief, p. 10.  For this reason and for the additional reasons set forth in co-defendants' reply, the District's declaratory judgment claim should be dismissed.

### G.    *Punitive Damages*

PECORA hereby adopts and incorporates by reference hereto the entirety of co-defendants' arguments set forth in "Point II(G)" of their Reply in Support of Motion to Dismiss Amended Complaint.  *See* Wright Reply Brief, pp. 10-11.  In addition, as stated above, there are no substantive allegations against PECORA contained in the Amended Complaint which could support an award of punitive damages.

For this reason and for the additional reasons set forth in co-defendants' reply, the District's prayers for relief seeking punitive damages should be stricken throughout the Amended Complaint.

## **CONCLUSION**

Based on the foregoing and the reasons set forth in PECORA's principal brief, PECORA respectfully requests this Court to grant this motion and dismiss the District's Amended Complaint with prejudice, consistent with the attached revised proposed form of order.

Respectfully submitted,

**WHITE AND WILLIAMS LLP**


BY:___/s/ Michael J. Kozoriz
Michael J. Kozoriz, Esq. (MK-1929)
One Penn Plaza, Suite 1801
New York, New York 10119
Phone: (212) 244-9500
Email: kozorizm@whiteandwilliams.com
*Attorneys for Defendant,*
*Pecora Corporation*